UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TOPPOS, LLC. | ) | Case No. 23-02889 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

## Puppy Creek Farms, Inc.'s Limited Objection to Motion to Substantively Consolidate

Puppy Creek Farms, Inc., ("Puppy Creek"), through counsel, submits this limited objection to the Motion to Substantively Consolidate Certain Non-Debtor Affiliates into Bankruptcy Estate (the "Motion") [Doc. 229].

Green Pines MHC, LLC ("Green Pines") owes a debt to Puppy Creek. The debt is secured by a first priority deed of trust on the real property commonly referred to as Green Pines Mobile Home Park in Hoke County, North Carolina. A true and correct copy of the deed of trust securing the debt owed to Puppy Creek is attached hereto as Exhibit 1.

Green Pines is listed on Exhibit A to the Motion as one of the entities that the Trustee seeks to substantively consolidate with the Debtor. Puppy Creek, however, understands that all equity in Green Pines was transferred to Red Fox Capital and that Green Pines is not an affiliate of the Debtor. To that end, Puppy Creek believes that the Trustee listed Green Pines in the Motion by mistake. To the extent that the Trustee does intend to substantively consolidate Green Pines, Puppy Creek objects to such relief.

2

Wherefore, Puppy Creek objects to the limited extent that the Trustee seeks to substantively consolidate Green Pines or to otherwise impair Puppy Creek's rights. Puppy Creek takes no position on any other relief requested in the Motion.

Respectfully submitted, this the 5th day of August, 2024.

/s/ Clint S. Morse
Clint S. Morse
N.C. State Bar No. 38384
cmorse@brookspierce.com

*Attorneys for Puppy Creek*

OF COUNSEL:
**BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, L.L.P.**
Post Office Box 26000
Greensboro, North Carolina  27420
Telephone:  (336) 373-8850

3

## Certificate of Service

I hereby certify that a copy of the foregoing through the Court's electronic filing system.

This the 5th day of August, 2024.

/s/   Clint S. Morse

BK 1420 PG 0586

FILED ELECTRONICALLY
HOKE COUNTY NC
CAMILLE HURST
REGISTER OF DEEDS
========================
FILED           Jan 12, 2022
AT                 04:09:46 PM
BOOK                    01420
START PAGE               0586
END PAGE                 0590
INSTRUMENT #            00343
EXCISE TAX              $0.00
NL

# Exhibit 1

## NORTH CAROLINA PURCHASE MONEY DEED OF TRUST

SATISFACTION: The debt secured by the within Deed of Trust together with the note(s) secured thereby has been satisfied in full.
This the _____ day of _____. 20___
Signed:_____
_____

PREPARED BY & RETURN TO: THE HUMPHRIES LAW FIRM, PC

Parcel Identifier No._____ Verified by _____ County on the ____ day of _____, 20__
By:_____    _____

Mail/Box to:

This instrument was prepared by: James E. McNeill of Clarke, Phifer, Vaughn, Brenner & McNeill, PLLC

Brief description for the Index: 51(+/-) acres, Green Pines Mobile Home Park

THIS DEED of TRUST made this __10th__ day of __January__, 20__22__, by and between:

| GRANTOR | TRUSTEE | BENEFICIARY |
|---|---|---|
| **Green Pines MHC LLC**<br>401 E. 11th Street<br>Lumberton, NC 28358-4807 | **James E. McNeill**<br>135 Applecross Road<br>Pinehurst, NC 28374 | **Puppy Creek Farms, Incorporated**<br>1945 Johnson Mill Road<br>Raeford, NC 28376 |

The designation Grantor, Trustee, and Beneficiary as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, That whereas the Grantor is indebted to the Beneficiary in the principal sum of **TWO MILLION EIGHT HUNDRED THOUSAND AND 00/100 DOLLARS ($2,800,000.00)**, as evidenced by a Promissory Note of

{00054466.DOC}DOC}NC Bar Association Form No 5 © 1976, Revised © September 1985, 2002
Printed by Agreement with the NC Bar Association - 1981

```
Submitted electronically by "The Humphries Law Firm, P.C."
in compliance with North Carolina statutes governing recordable documents
and the terms of the Memorandum of Understanding with
the Office of the Register of Deeds of Hoke County. NCGS 47-14(a1)(5).
```

even date herewith, the terms of which are incorporated herein by reference. The final due date for payments of said Promissory Note, if not sooner paid, is January 1, 2027.

NOW, THEREFORE, as security for said indebtedness, advancements and other sums expended by Beneficiary pursuant to this Deed of Trust and costs of collection (including attorneys fees as provided in the Promissory Note) and other valuable consideration, the receipt of which is hereby acknowledged, the Grantor has bargained, sold, given and conveyed and does by these presents bargain, sell, give, grant and convey to said Trustee, his heirs, or successors, and assigns, the parcel(s) of land situated in McLaughlin Township, Hoke County, North Carolina, (the "Premises") and more particularly described as follows:

### SEE ATTACHED EXHIBIT "A" INCORPORATED HEREIN.

TO HAVE AND TO HOLD said Premises with all privileges and appurtenances thereunto belonging, to said Trustee, his heirs, successors, and assigns forever, upon the trusts, terms and conditions, and for the uses hereinafter set forth.

If the Grantor shall pay the Note secured hereby in accordance with its terms, together with interest thereon, and any renewals or extensions thereof in whole or in part, all other sums secured hereby and shall comply with all of the covenants, terms and conditions of this Deed of Trust, then this conveyance shall be null and void and may be canceled of record at the request and the expense of the Grantor.

If, however, there shall be any default (a) in the payment of any sums due under the Note, this Deed of Trust or any other instrument securing the Note and such default is not cured within ten (10) days from the due date, or (b) if there shall be default in any of the other covenants, terms or conditions of the Note secured hereby, or any failure or neglect to comply with the covenants, terms or conditions contained in this Deed of Trust or any other instrument securing the Note and such default is not cured within fifteen (15) days after written notice, then and in any of such events, without further notice, it shall be lawful for and the duty of the Trustee, upon request of the Beneficiary, to sell the land herein conveyed at public auction for cash, after having first giving such notice of hearing as to commencement of foreclosure proceedings and obtained such findings or leave of court as may then be required by law and giving such notice and advertising the time and place of such sale in such manner as may then be provided by law, and upon such and any resales and upon compliance with the law then relating to foreclosure proceedings under power of sale to convey title to the purchaser in as full and ample manner as the Trustee is empowered. The Trustee shall be authorized to retain an attorney to represent him in such proceedings.

The proceeds of the Sale shall after the Trustee retains his commission, together with reasonable attorneys fees incurred by the Trustee in such proceedings, be applied to the costs of sale, including, but not limited to, costs of collection, taxes, assessments, costs of recording, service fees and incidental expenditures, the amount due on the Note hereby secured and advancements and other sums expended by the Beneficiary according to the provisions hereof and otherwise as required by the then existing law relating to foreclosures. The Trustee's commission shall be five percent (5%) of the gross proceeds of the sale or the minimum sum of **$750.00** whichever is greater, for a completed foreclosure. In the event foreclosure is commenced, but not completed, the Grantor shall pay all expenses incurred by Trustee, including reasonable attorneys fees, and a partial commission computed on five per cent (5%) of the outstanding indebtedness or the above stated minimum sum, whichever is greater, in accordance with the following schedule, to-wit: one-fourth (¼) thereof before the Trustee issues a notice of hearing on the right to foreclosure; one-half (½) thereof after issuance of said notice, three-fourths (¾) thereof after such hearing; and the greater of the full commission or minimum sum after the initial sale.

And the said Grantor does hereby covenant and agree with the Trustee as follows:

1. INSURANCE. Grantor shall keep all improvements on said land, now or hereafter erected, constantly insured for the benefit of the Beneficiary against loss by fire, windstorm and such other casualties and contingencies, in such manner and in such companies and for such amounts, not less than that amount necessary to pay the sum secured by this Deed of Trust, and as may be satisfactory to the Beneficiary. Grantor shall purchase such insurance, pay all premiums therefor, and shall deliver to Beneficiary such policies along with evidence of premium payments as long as the Note secured hereby remains unpaid. If Grantor fails to purchase such insurance, pay premiums therefor or deliver said policies along with evidence of payment of premiums thereon, then Beneficiary, at his option, may purchase such insurance. Such amounts paid by Beneficiary shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary. All proceeds from any insurance so maintained shall at the option of Beneficiary be applied to the debt secured hereby and if payable in installments, applied in the inverse order of maturity of such installments or to the repair or reconstruction of any improvements located upon the Property.

2. TAXES, ASSESSMENTS, CHARGES. Grantor shall pay all taxes, assessments and charges as may be lawfully levied against said Premises within thirty (30) days after the same shall become due. In the event that Grantor fails to so pay all taxes, assessments and charges as herein required, then Beneficiary, at his option, may pay the same and the amounts so paid shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary.

{00054466.DOC}DOC}NC Bar Association Form No. 5 © 1976, Revised © September 1985, 2002
Printed by Agreement with the NC Bar Association - 1981

3. ASSIGNMENTS OF RENTS AND PROFITS. Grantor assigns to Beneficiary, in the event of default, all rents and profits from the land and any improvements thereon, and authorizes Beneficiary to enter upon and take possession of such land and improvements, to rent same, at any reasonable rate of rent determined by Beneficiary, and after deducting from any such rents the cost of reletting and collection, to apply the remainder to the debt secured hereby.

4. PARTIAL RELEASE. Grantor shall not be entitled to the partial release of any of the above described property unless a specific provision providing therefor is included in this Deed of Trust. In the event a partial release provision is included in this Deed of Trust, Grantor must strictly comply with the terms thereof. Notwithstanding anything herein contained, Grantor shall not be entitled to any release of property unless Grantor is not in default and is in full compliance with all of the terms and provisions of the Note, this Deed of Trust, and any other instrument that may be securing said Note.

5. WASTE. The Grantor covenants that he will keep the Premises herein conveyed in as good order, repair and condition as they are now, reasonable wear and tear excepted, and will comply with all governmental requirements respecting the Premises or their use, and that he will not commit or permit any waste.

6. CONDEMNATION. In the event that any or all of the Premises shall be condemned and taken under the power of eminent domain, Grantor shall give immediate written notice to Beneficiary and Beneficiary shall have the right to receive and collect all damages awarded by reason of such taking, and the right to such damages hereby is assigned to Beneficiary who shall have the discretion to apply the amount so received, or any part thereof, to the indebtedness due hereunder and if payable in installments, applied in the inverse order of maturity of such installments, or to any alteration, repair or restoration of the Premises by Grantor.

7. WARRANTIES. Grantor covenants with Trustee and Beneficiary that he is seized of the Premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that he will warrant and defend the title against the lawful claims of all persons whomsoever, except for the exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions:

(I) AD VALOREM TAXES FOR THE CURRENT YEAR; (II) UNVIOLATED RESTRICTIONS, CONDITIONS, EASEMENTS, COVENANTS, AGREEMENTS, LIENS AND CHARGES RECORDED IN THE MOORE COUNTY PUBLIC REGISTRY, AS THE SAME MAY HAVE BEEN AMENDED; (III) SUCH MATTERS, PROVISIONS AND RESERVATIONS AS ARE SHOWN ON THE RECORDED PLAT; AND (IV) UTILITY EASEMENTS OF RECORD.

8. SUBSTITUTION OF TRUSTEE. Grantor and Trustee covenant and agree to and with Beneficiary that in case the said Trustee, or any successor trustee, shall die, become incapable of acting, renounce his trust, or for any reason the holder of the Note desires to replace said Trustee, then the holder may appoint, in writing, a trustee to take the place of the Trustee; and upon the probate and registration of the same, the trustee thus appointed shall succeed to all rights, powers and duties of the Trustee.

| X | **THE FOLLOWING PARAGRAPH, 9. SALE OF PREMISES, SHALL NOT APPLY UNLESS THE BLOCK TO THE LEFT MARGIN OF THIS SENTENCE IS MARKED AND/OR INITIALED.** |

9. SALE OF PREMISES. Grantor agrees that if the Premises or any part thereof or interest therein is sold, assigned, transferred, conveyed or otherwise alienated by Grantor, whether voluntarily or involuntarily or by operation of law [other than: (i) the creation of a lien or other encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the Premises; (ii) the creation of a purchase money security interest for household appliances; (iii) a transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety; (iv) the grant of a leasehold interest of three (3) years or less not containing an option to purchase: (v) a transfer to a relative resulting from the death of a Grantor; (vi) a transfer where the spouse or children of the Grantor become the owner of the Premises; (vii) a transfer resulting from a decree of a dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Grantor becomes an owner of the Premises; (viii) a transfer into an inter vivos trust in which the Grantor is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the Premises], without the prior written consent of Beneficiary, Beneficiary, at its own option, may declare the Note secured hereby and all other obligations hereunder to be forthwith due and payable. Any change in the legal or equitable title of the Premises or in the beneficial ownership of the Premises, including the sale, conveyance or disposition of a majority interest in the Grantor if a corporation or partnership, whether or not of record and whether or not for consideration, shall be deemed to be the transfer of an interest in the Premises.

10. ADVANCEMENTS. If Grantor shall fail to perform any of the covenants or obligations contained herein or in any other instrument given as additional security for the Note secured hereby, the Beneficiary may, but without obligation, make advances to perform such covenants or obligations, and all such sums so advanced shall be added to

{00054466.DOC}DOC} NC Bar Association Form No. 5 © 1976, Revised © September 1985, 2002
Printed by Agreement with the NC Bar Association - 1981

the principal sum, shall bear interest at the rate provided in the Note secured hereby for sums due after default and shall be due from Grantor on demand of the Beneficiary. No advancement or anything contained in this paragraph shall constitute a waiver by Beneficiary or prevent such failure to perform from constituting an event of default.

11. INDEMNITY. If any suit or proceeding be brought against the Trustee or Beneficiary or if any suit or proceeding be brought which may affect the value or title of the Premises, Grantor shall defend, indemnify and hold harmless and on demand reimburse Trustee or Beneficiary from any loss, cost, damage or expense and any sums expended by Trustee or Beneficiary shall bear interest as provided in the Note secured hereby for sums due after default and shall be due and payable on demand.

12. WAIVERS. Grantor waives all rights to require marshaling of assets by the Trustee or Beneficiary. No delay or omission of the Trustee or Beneficiary in the exercise of any right, power or remedy arising under the Note or this Deed of Trust shall be deemed a waiver of any default or acquiescence therein or shall impair or waive the exercise of such right, power or remedy by Trustee or Beneficiary at any other time.

13. CIVIL ACTION. In the event that the Trustee is named as a party to any civil action as Trustee in this Deed of Trust, the Trustee shall be entitled to employ an attorney at law, including himself if he is a licensed attorney, to represent him in said action and the reasonable attorney's fee of the Trustee in such action shall be paid by the Beneficiary and added to the principal of the Note secured by this Deed of Trust and bear interest at the rate provided in the Note for sums due after default.

14. PRIOR LIENS. Default under the terms of any instrument secured by a lien to which this Deed of Trust is subordinate shall constitute default hereunder.

15. OTHER TERMS: This Security Instrument is a Purchase Money Security Instrument.

IN WITNESS WHEREOF, the Grantor has duly executed the foregoing as of the day and year first above written.

GREEN PINES MHC LLC

_____(SEAL)
Name: MARK S. KING, ESQ.
Title: CHIEF LEGAL OFFICER


COUNTY OF: Broward
STATE OF: Florida

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Mark S. King.

Date: 1/10/2022

_____
Notary Public

(Official Seal)

Notary Public State of Florida
Jean Edouard
My Commission HH 037620
Expires 08/30/2024

My commission expires: 08/30/2024

# EXHIBIT "A"

Being all of Lot 1, containing 51.32 acres, as shown on that plat entitled "Survey of Green Pines MHP Properties Owned by Puppy Creek Farms, Inc.", McLaughlin Township, Hoke County, North Carolina, dated December 16, 2021, recorded in Plat Book 4166, Page 006, Hoke County Register of Deeds.