UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:

TOPPOS LLC,                                              CASE NO.: 23-02889-5-PWM
                                                         CHAPTER 7
        DEBTOR(S)

RESPONSE IN OPPOSITION TO
TRUSTEE'S MOTION TO DIRECT TURNOVER AND DELIVER
PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542

        NOW COME the Affiliates of the Debtor,[1] by and through the undersigned counsel, and respectfully request that the Court deny the Trustee's Motion to Direct Turnover and Deliver Property of the Estate Pursuant to 11 U.S.C. § 542. In support thereof, the Affiliates show unto the Court as follows:

        1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

        2.    Debtor filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on October 5, 2023 (the "Petition Date"). On December 12, 2023, John C. Bircher, III was appointed as the Chapter 11 Trustee. On April 30, 2024, this case was converted to one under Chapter 7.

        3.    On March 9, 2020, Top Park Services LLC entered into a "Master Property Management Services Agreement" ("Agreement") with, *inter alia*, the Debtor. Under the terms of the Agreement, the Debtor and respective Parks were to pay to Top Park: (a) 4.0% of the total gross rent collected for each of the Parks; (b) 3.0% of the profits of the Parks after payment of all property related expenses and debt service; (c) the costs (as a reimbursement) for all reasonable out-of-pocket expenses incurred in maintaining the Parks and their homes.

        4.    Since the Trustee has been appointed, Top Park has paid the Trustee $1,729,607.86. Despite this, Top Park has incurred $3,143,897.34 in expenses in maintaining the Parks and homes since the Petition Date, with only $408,108.98 of this repaid by the Trustee. Essentially, Top Park has been forced to pay $2,735,788.36 for expenses to maintain the homes and Parks without reimbursement as called for in the Agreement.

        5.    This $2.735 million loss over less than 12 months has bled Top Park and the Affiliates of their liquidity. In addition to being squeezed with this lack of reimbursement, the

---

[1] The Affiliates are the 36 parties set forth in the Notice of Appearance filed on April 11, 2024, Docket Entry No. 179.

Trustee and secured creditors have restricted vacant homes from being re-rented. *See e.g.*, *Fifth Interim Order Authorizing Use of Cash Collateral*, [D.E. 177, p. 7, ¶ 1(f)].

6.	It is also likely that Top Park and the Affiliates have a defense of recoupment to the Trustee's claim for rent due. See e.g., Willner v. Dimon, 849 F.3d 93, 113 (4th Cir. 2017) ("'Recoupment' has been defined as the right of the defendant to cut down or diminish the claim of the plaintiff in consequence of the plaintiff's failure to comply with some provision of the contract sought to be enforced, or because the plaintiff has violated some duty imposed upon him by law in the making or performance of that contract.") (citation omitted).

7.	The Trustee's failure to pay for the maintenance of property of the estate, while at the same time demanding full payment of rent for these same homes—without deducting the reasonable costs of preserving these properties—is inequitable. Top Park should be allowed to recoup its costs in collecting the rent against the rents it collects on behalf of the Trustee.

8.	It is this defense, among others, that would be pled by Top Park and the Affiliates in an adversary proceeding; one that should be filed by the Trustee to compel turnover by a non-debtor. See, Fed. R. Bankr. Pro. 7001(1). The Trustee's motion for turnover is procedurally improper and should be denied with leave to file the appropriate adversary proceeding. See e.g., In re Hinsley, 149 F.3d 1179 (5th Cir. 1998); In re Perkins, 902 F.2d 1254, 1258 (7th Cir. 1990) ("A turnover proceeding commenced by motion rather than by complaint will be dismissed, and a turnover order entered in an action commenced by motion will be vacated.").

WHEREFORE, the Affiliates of the Debtor respectfully request that the Court enter an Order denying the Trustee's Motion for Turnover.

Dated: September 4, 2024		RICHARD P. COOK, PLLC

/s/ Richard P. Cook
Richard P. Cook
Attorney for the Debtor(s)
N.C. State Bar No. 37614
7036 Wrightsville Ave., Ste. 101
Wilmington, NC 28403
Telephone: (910) 399-3458
Email: Richard@CapeFearDebtRelief.com

CERTIFICATE OF SERVICE

    The undersigned certifies, under penalty of perjury, that he is over eighteen (18) years of age and that the:

**RESPONSE IN OPPOSITION TO
TRUSTEE'S MOTION TO DIRECT TURNOVER AND DELIVER
PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542**

Was served upon the below named parties, through CM/ECF (where indicated), via electronic mail (where indicated), or by mailing postage prepaid, first class mail to the address(es) shown below:

<u>Via CM/ECF</u>
Bankruptcy Administrator

John C. Bircher, III
Chapter 7 Trustee

Buckmiller, Boyette & Frost, PLLC
Attorneys for the Debtor

<u>Via First Class Mail</u>
Toppos LLC
Attn: Managing Officer/Agent
401 E Las Olas Blvd, Suite 130−161
Fort Lauderdale, FL 33301
Debtor

Dated:  September 4, 2024                RICHARD P. COOK, PLLC

                                                                       <u>/s/ Richard P. Cook</u>
                                                                       7036 Wrightsville Ave., Ste. 101
                                                                       Wilmington, NC 28403
                                                                       (910) 399-3458