UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:

TOPPOS LLC,  CASE NO.: 23-02889-5-PWM
 CHAPTER 7
 DEBTOR(S)

JOINT RESPONSE IN OPPOSITION
TO MOTION TO CHANGE VENUE

NOW COME Top Park Services, LLC ("Top Park"), Time Out Properties, LLC ("Time Out"), Grand Valley MHP, LLC ("Grand Valley"), Prairie Knolls MHP, LLC ("Prairie Knolls") and Rolling Acres MHP, LLC ("Rolling Acres") (together, the "Florida Debtors") respond in opposition to the *Motion to Change Venue* (the "Motion") filed by John C. Bircher III, as chapter 7 trustee (the "Trustee"), and in support thereof shows unto the Court the following:

SUMMARY OF ARGUMENT

The Trustee seeks to transfer venue of the Florida Debtors' cases from the Southern District of Florida to the Eastern District of North Carolina, based on pending litigation in the latter forum.

None of the Florida Debtors is headquartered in North Carolina, organized under North Carolina law, nor do they have employees in North Carolina. Except for Time Out, no Florida Debtor owns assets in North Carolina. The ownership and management team of the Florida Debtors lives in Florida and works in Illinois.

In short, the Florida Debtors filed for bankruptcy relief in the Southern District of Florida because of their numerous ties to that forum. Permitting a creditor (the Trustee) to contravene that decision based on pending litigation elsewhere is both impractical and contravenes the longstanding policy of according "great weight" to the Debtor's selection of a proper venue. *See, In re Dunmore Homes, Inc.*, 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008) (quotation omitted).

The Court should deny the Motion.

## BACKGROUND

1. Toppos filed a voluntary chapter 11 petition in the Eastern District of North Carolina on October 5, 2023. The case was converted to chapter thereafter.

2. Toppos and the Florida Debtors were part of a group of companies that owned and leased manufactured homes in various states. More specifically, Toppos owned more than 1,000 manufactured homes. Toppos leased the homes to entities that, in turn, owned the mobile home parks on which the homes were located.

3. Toppos filed for bankruptcy in the State of North Carolina because many of the homes it owns are in that state.

4. By contrast, the Florida Debtors have few or no connections to North Carolina. For example:

- None of the Florida Debtors is organized under the laws of the State of North Carolina. Top Park and Time Out are organized under Delaware law, while Grand Valley, Prairie Knolls and Rolling Acres are organized under Illinois law.

- The Florida Debtors' principal place of business is in Fort Lauderdale, Florida.

- The ownership and senior management team live in Florida and work in Illinois. (The former Chief Legal Officer, Mark King, lived in North Carolina but is no longer employed by the Florida Debtors.)

- The physical parks owned by the Florida Debtors are mostly located in Jacksonville, Illinois and Springfield, Illinois. Time Out does own one park in North Carolina; however, that park is under contract to be sold in October 2024.

## ARGUMENT

28 U.S.C. § 1408 governs venue in title 11 cases. Subject to limited exceptions that are not relevant here, the statute provides that such cases may be commenced in the district either: (1) in which the domicile, residence, principal place of business or principal assets of the debtor are located, or (2) in which there is a pending bankruptcy case concerning an affiliate. 28 U.S.C. § 1408. Section 1412 permits the transfer of a bankruptcy case to another district "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Because of the similarity in the language of Rule 1014(b), and 28 U.S.C. § 1412, courts have essentially used the same standard under 28 U.S.C. § 1412 when evaluating a motion under Rule 1014(b). *Cf.*, *In re Emerson Radio Corp.*, 52 F.3d 50, 55 (3rd Cir. 1995).

As to appropriateness of changing venue, "the power to transfer a case or proceeding should be exercised <u>cautiously</u>." *Dunmore Homes*, 380 B.R. at 670 (quotation omitted) (emphasis added). "A debtor's selection of a proper venue is entitled to <u>great weight</u> in the consideration of change of venue motions…[and] a <u>heavy burden of proof</u> rests on the moving party to demonstrate the balance of convenience clearly weighs in his favor." *Dunmore Homes*, 380 B.R. at 670–71 (quotations omitted) (emphases added).

Relying primary on two Circuit Court of Appeals decisions, *In re Manville Forest Prod. Corp.*, 896 F.2d 1384 (2d Cir. 1990) and *In re Oil Refining Co, Inc.*, 596 F.2d 1239 (5th Cir. 1979), courts have developed a variety of factors to review when considering whether to transfer venue under § 1412. *Dunmore Homes*, 380 B.R. at 671–72 (citations omitted).

### A.     The Interests of Justice Do Not Support Transferring Venue.

In particular, under the interests of justice prong of the statute, courts consider "whether (i) transfer would promote the economic and efficient administration of the bankruptcy estate; (ii) the interests of judicial economy would be served by the transfer; (iii) the parties would be able to receive a fair trial in each of the possible venues; (iv) either forum has an interest in having the controversy decided within its borders; (v) the enforceability of any judgment would be affected by the transfer; and (vi) the plaintiff's original choice of forum should be disturbed." *Dunmore Homes*, 380 B.R. at 671–72 (citation omitted).

Most of these factors are neutral or support maintaining venue in Florida. The Florida Debtors' bankruptcy estates will be far more efficiently administered in Florida, where their ownership, management and chosen counsel are located, then in a Fayetteville forum some 700 miles away. *See, Dunmore Homes*, 380 B.R. at 672 ("courts consider the ability of interested parties to participate in the proceedings and the additional cost that might be incurred to do so"). The parties will receive a fair trial in either Florida or North Carolina. North Carolina has no interest in having the Florida Debtors' bankruptcy cases decided within its borders. The enforceability

of judgments obtained in either Florida or North Carolina will not be affected by keeping retaining venue in Florida. Finally, as stated *supra*, great weight should be given to the Florida Debtors' original choice of forum—Florida.

It should also be noted that Time Out has been released from the Trustee's Motion to Substantively Consolidate. [D.E. 279]. This is a result of an agreement with GreenState Credit Union. Time Out is the owner of the parks where the mobile homes of Toppos encumbered by GreenState reside. These homes have no value as GreenState has already obtained stay relief, [D.E. 208][1], and have been abandoned by the Trustee in his stipulation with GreenState. With Time Out being released from the Consolidation Motion, the interests of justice would not be served by transferring Time Out's case to North Carolina.

Moreover, the Trustee posits that Toppos needing the continued rents generated from its homes, this reason supports the interests of justice. What the Trustee fails to address is that these rents have already been assigned to the respective secured creditors of the parks, and the rents themselves are not property of the estate. Rather, just an unsecured obligation is created by the rents owed by the parks to Toppos. Also, the Trustee's ability to collect these rents is subject to cash collateral approval in the respective Chapter 11 cases of the Florida debtors. Further

---

[1] In addition to GreenState, seemingly every secured creditor with a lien against a mobile home of Toppos has obtained stay relief, see, 21st Mortgage Corp, [D.E. 129]; North Point, [D.E. 140]; and, CHC TN, LLC, [D.E. 205]. This relief was granted, in part, as these encumbered homes provide no value to the estate as they are overencumbered. It is unclear why these homes subject to stay relief have not been abandoned, nor does it seems that these same homes would provide any benefit to the estate if the Florida cases are brought back to North Carolina as these overencumbered homes predominate the parks included in the Florida filings.

still, these rents being collected by the Toppos—being subject to existing liens of the parks and mobile homes—serve only the secured creditors who hold those liens. The Trustee, by continuing to receive rents for singular benefit of the secured creditors does not serve the interests of justice.

Lastly, the Trustee's attempt to bring these Florida cases to North Carolina stems from a larger strategy of trying to substantive consolidate these Chapter 11 Debtors with the bankruptcy estate of Toppos.[2] [D.E. 229]. However, no evidence has been presented by the Trustee of what benefit, if any, these Debtors having their cases moved to North Carolina would provide to the estate of Toppos. No financials of the Florida debtors have been introduced by the Trustee, nor any value of the assets, or amount of the liabilities of these same Debtors. The same mobile homes where stay relief has been granted sit upon the parks of these Florida Debtors. This again seems like an attempt to continue to aid the secured creditors of the Toppos estate with no evidence of how unsecured creditors will benefit from such an action.

The interests of justice are not served by dragging the Florida debtors to North Carolina, a bankruptcy court that would not have been a proper venue for these Debtors, but for, the filing of Toppos.

---

[2] The automatic stay of these Chapter 11 cases also prohibits the Motion to Substantively Consolidate from moving forward as to the respective Chapter 11 Debtors. *See*, 11 U.S.C. § 362(a)(1). To date, no relief from the Florida Debtors' respective automatic stays been sought or entered. The automatic stay in these cases (even if they are moved to North Carolina), is only lifted after "notice" and "a hearing." 11 U.S.C. § 362(d).

B. **The Convenience of the Parties Does Not Support Transferring Venue.**

When reviewing the second prong of § 1412, venue transfer based on the convenience of the parties, courts review the following: (1) proximity of creditors of every kind to the court; (ii) proximity of the debtor; (iii) proximity of witnesses necessary to the administration of the estate; (iv) location of the assets; (v) economic administration of the estate; and (vi) necessity for ancillary administration if liquidation should result. *Dunmore Homes*, 380 B.R. at 672 (citation omitted). "Most cases do not consider liquidation because it is illogical to focus on liquidation contingencies when the goal of the bankruptcy is reorganization." *Id.*

Again, these factors are neutral or support maintaining venue in Florida. For the reasons stated *supra*—the location of the Florida Debtors' owners and management in Florida, the lack of assets in North Carolina, and the proximity of the Florida Debtors to the Florida bankruptcy court, transfer of venue to North Carolina will in no way serve the convenience of the parties.

WHEREFORE, the Florida Debtors respectfully request that the Court enter an Order denying the Trustee's Motion to Transfer Venue, and for such other and further relief the Court deems just and proper.

Dated: September 30, 2024

                                                **SHRAIBERG PAGE P.A.**
                                                2385 NW Executive Center Drive, #300
                                                Boca Raton, Florida 33431
                                                Telephone: 561-443-0800
                                                Facsimile: 561-998-0047
                                                Email: bshraiberg@slp.law
                                                Email: pdorsey@slp.law

By: <u>/s/ Bradley Shraiberg</u>
Bradley S. Shraiberg, Esq.
Florida Bar. No. 121622

RICHARD P. COOK, PLLC

<u>/s/ Richard P. Cook</u>
Richard P. Cook
Attorney for the Florida Debtors
N.C. Bar No. 37614
7036 Wrightsville Ave, Suite 101
Wilmington, NC 28403
(910) 399-3458
Richard@CapeFearDebtRelief.com

CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that he is over eighteen (18) years of age and that the:

**NOTICE OF SPECIAL APPEARANCE**

Was served upon the below named parties, and/or their counsel, by mailing postage prepaid, first class mail to the address(es) shown below, via hand delivery, via email transmission, or via CM/ECF where indicated:

Via CM/ECF
Bankruptcy Administrator

John C. Bircher, III
Chapter 7 Trustee

Kathleen O'Malley
Special Counsel

Buckmiller, Boyette & Frost, PLLC
Attorneys for the Debtor

Via Email
Brad Shraiberg
Attorney for the Florida Debtors

Via First Class Mail
Toppos LLC
Attn: Managing Officer/Agent
401 E Las Olas Blvd, Suite 130−161
Fort Lauderdale, FL 33301
Debtor


Dated: September 30, 2024            RICHARD P. COOK, PLLC

/s/ Richard P. Cook
7036 Wrightsville Ave, Suite 101
Wilmington, NC 28403
(910) 399-3458