**SO ORDERED**

**SIGNED this 8 day of October, 2024.**

_____
**Pamela W. McAfee**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:

TOPPOS, LLC                                            CASE NO. 23-02889-5-PWM

DEBTOR.                                                CHAPTER 7

**ORDER APPROVING MOTION FOR APPROVAL OF PRIVATE SALE FREE AND CLEAR OF CLAIMS, LIENS, ENCUMBRANCES, AND INTERESTS AND MOTION FOR DISTRIBUTION OF SALES PROCEEDS**

This matter came before the Court on the Trustee's Motion for Approval Private Sale Free and Clear of Claims, Liens Encumbrances, and Interests and Motion for Distribution of Proceeds (the "Sale Motion"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court finding that notice of the Sale Motion was appropriate and no further notice is required; and, there being

no objection by any party in interest, the Court determines that the relief provided in this Order is appropriate under the circumstances; accordingly,

IT IS ORDERED:

1. That the sale of specific manufactured homes, as outlined in the Purchase and Sale Agreement attached the Motion, may be sold to H&H COMMUNITIES, LLC and/or its assigns, as Buyer ("H&H" or "Buyer"), for the sum of EIGHTY FIVE THOUSAND AND 00/100 DOLLARS ($85,000.00) (the "Purchase Price").

2. The net proceeds generated from the sale to H&H under the Purchase Agreement shall be allocated to the Personal Property and paid to the Trustee for further distribution pursuant to the priorities of the Code upon further orders of the Court as follows:

   A. Payment of ad valorem tax obligations in Duplin County, by the Estate, for years 2023 and preceding, and pro-rated between the Estate and the Buyer for 2024.

   B. After payment of regular and customary closing costs, Trustee shall retain the balance of net proceeds for the benefit of the estate, subject to further orders of the court.

3. The Personal Property, consisting of manufactured homes listed on **Exhibit 1,** as attached to the Motion, and located in Taylor's Bridge MHC, LLC or ("TB", as defined in the Motion), in accordance with the Agreement, shall be sold free

and clear of all liens, encumbrances, claims, rights and other interests, including but not limited to the following:

    A. Any and all *ad valorem* property taxes, assessed by any state, local or municipal taxing authority, including the County Property Taxes that were assessed against the Personal Property and outstanding as of the closing date of the Purchase Agreement pro-rated for 2024 between the Buyer and Estate;

    B. Any and all remaining interests, liens, encumbrances, rights and claims asserted against the Personal Property, which relate to or arise as a result of a sale of the Personal Property, or which may be asserted against the buyer of the Personal Property, including, but limited to, those liens, encumbrances, interests, rights and claims, whether fixed and liquidated or contingent and unliquidated, that have or may be asserted against the Personal Property or the buyer of the Personal Property.

14. The liens and encumbrances referenced shall attach to the proceeds of sale, if any, subject to the Orders that may be entered by the Court.[1]

15. The Trustee may disburse proceeds of sale evidenced by the Agreement, to the applicable lienholders, including Duplin County Tax Collector, in accordance with the priority of liens, after payment of all costs of sale under § 506(c) of the Bankruptcy Code, as follows:

| Interest Holder | Payoff at Closing |
| --- | --- |
| Duplin County Tax Collector | To be determined and paid at closing by Estate for 2023 and prior years; Pro-rated between the Buyer and Estate for 2024 |

---

[1] Nothing shall be interpreted or construed as a waiver or otherwise estop, prohibit, or enjoin the Trustee, creditors, or parties-in-interest from challenging the validity, character, nature, extent, and priority of any security interests asserted in the Personal Property, if any, all of which are expressly reserved.

3

16. The balance of proceeds shall be held by the Trustee pending further orders of the Court.

17. Northpoint Commercial Finance, LLC reserves all rights and claims with respect to any lien or other interest Northpoint may have in the sales proceeds.

18. The Trustee has established good cause to request waiver of Bankruptcy Rule 6004(h), and the fourteen (14) day stay of this Order, for the reasons given by the Trustee in the Sale Motion, is WAIVED.

END OF DOCUMENT