UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:

TOPPOS, LLC                                                     CASE NO: 23-02889-5-PWM

      DEBTOR                                               CHAPTER 7

## MOTION FOR AUTHORITY TO MAKE DISTRIBUTION TO NORTHPOINT COMMERCIAL FINANCE LLC

NOW COMES John C. Bircher III, Chapter 7 Trustee ("Trustee"), by and through counsel, and hereby respectfully moves the Court for an Order authorizing the Trustee to make a cash collateral distribution to Northpoint Commercial Finance, LLC ("Northpoint"), and, in support, shows the Court as follows:

1. A voluntary Petition was filed by the Debtor on October 5, 2023, under Chapter 11 of the Bankruptcy Code. On December 12, 2023, Trustee was appointed as Chapter 11 Trustee in the case. Subsequently, on April 30, 2024, this case was converted to one under Chapter 7, and Trustee was appointed as Chapter 7 Trustee.

2. Trustee has funds on hand in the approximate amount of $1,087,492.20 in this case. The Debtor's Estate is incurring bank service fees of over $1,300 per month. The Trustee believes that creditors will benefit by making an interim distribution and creditors with liens on cash will not lose more funds due to continued bank service charges.

3. This Court granted several Cash Collateral orders in the Chapter 11 case, reserving rights to all parties to object to liens and reserving Trustee's right to challenge creditor's lien positions, including Northpoint and 21st Mortgage. Further, Northpoint and 21st agreed that the Trustee may surcharge its collateral under 326(a) upon distribution of funds. Trustee believes that Northpoint holds a valid cash collateral interest in funds of at least $700,000.00 related to lease payments made by various mobile home park entities.

4. The Trustee understands that the other cash collateral creditor, 21st Mortgage, has chosen to exercise its remedies of repossession and recovery, believing it will be paid in full from recovery of its personal property collateral, and 21st has no specific interest in cash collateral in this case.

5. Due to the nature of this case and its relation to recently filed commonly owned cases over which Trustee is Interim Trustee, the Trustee believes that it could

take several months to fully administer all the possible assets of the estate, and the Trustee believes it is in the best interest of the estate to disburse cash collateral to Northpoint to minimize further risk of depletion of cash collateral due to excessive bank service charges.

6. Northpoint requests distribution of its cash collateral and has agreed to a five percent (5%) 506(c) administrative fee to the Trustee, to compensate him for the preservation, maintenance and safekeeping of its personal property and cash collateral since his appointment in December of 2023.

7. The Trustee and Northpoint have agreed to a gross distribution of $700,000.00, representing funds received from various mobile home park rental amounts, and Northpoint further agrees to surcharge its distribution $35,000.00, representing 506(c) administrative costs for Trustee's preservation, maintenance and safekeeping of Northpoint's cash and personal property collateral.

8. Trustee will not, upon closing of the case, include this $700,000 distribution in its 326(a) final distribution request.

9. The remaining funds in the Trustee's account represent sales proceeds for liquidation of certain units of manufactured homes, along with rental proceeds for homes owned by the Debtor, free of liens, and Trustee expects to continue collecting rental proceeds for homes remaining and is seeking to liquidate the remaining homes in conjunction with various Receiverships and related bankruptcy filings.

10. The Trustee discloses and represents that there is a possibility of events that may result in an insufficiency of assets to pay claims having the same or higher priority under 11 U.S.C.§726(a) and (b) as the claims proposed to be paid in this Motion. The Trustee has exercised his judgment in a conservative fashion, balancing the desirability of making distributions at this time against the risks of an insufficiency to pay claims entitled to the same or a higher priority under 11 U.S.C.§726(a) and (b) and seeks an order authorizing him to make the distributions described herein notwithstanding such risk.

11. Furthermore, since this is a distribution of cash collateral, and the Trustee's surcharge is deducted from that distribution, Trustee does not contemplate this distribution to be an issue regarding administrative insolvency – should that be the result of this case.

WHEREFORE, the Trustee prays for the Court to grant the following relief:

1. Authorizing the Trustee to make a cash collateral distribution to Northpoint as set forth above in the amount of $700,000.00, with a 5% surcharge ($35,000.00) on the cash collateral for the Trustee's fees and costs in preserving the collateral;

2.      Holding that the Trustee is so authorized notwithstanding the risk of events that might result in an insufficiency to pay claims entitled to the same or a higher priority under 11 U.S.C. §726 than the claims to be paid pursuant to this Motion; and,

3.  For such other and further relief as the court may deem just and proper.

DATED: 11/14/2024

                              <u>s/John C. Bircher III</u>
                              John C. Bircher III
                              N.C. State Bar No. 24119
                              DAVIS HARTMAN WRIGHT LLP
                              209 Pollock Street
                              New Bern, NC 28560
                              Telephone/Fascimile 252-262-7055
                              Email: jcb@dhwlegal.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:

TOPPOS, LLC                                              CASE NO: 23-02889-5-PWM

    DEBTOR                                              CHAPTER 7

### NOTICE OF MOTION FOR AUTHORITY TO MAKE DISTRIBUTION TO NORTHPOINT COMMERCIAL FINANCE, LLC

NOTICE IS HEREBY GIVEN of the MOTION FOR AUTHORITY TO MAKE DISTRIBUTION TO NORTHPOINT COMMERCIAL FINANCE, LLC, filed simultaneously herewith in the above captioned case; and,

NOTICE IS FURTHER GIVEN that this Motion may be allowed provided no written response and request for hearing is made by any party in interest to the Clerk of Court on or before December 9, 2024; and

FURTHER NOTICE IS HEREBY GIVEN, that if a response and a request for a hearing is filed by a party in interest in writing within the time indicated, a hearing will be conducted on the motion and response at a date to be determined by the United States Bankruptcy Court, North Carolina. Any party requesting a hearing shall appear at the hearing in support of such request or he may be assessed Court costs. If no request for a hearing is timely filed, the Court may rule on the Motion and response *ex parte* without further notice. Any party filing an objection requesting a hearing, shall appear at the hearing or they may be taxed with Court costs.

DATED: 11/14/2024

                                              s/John C. Bircher III
                                              John C. Bircher III
                                              N.C. State Bar No. 24119
                                              DAVIS HARTMAN WRIGHT LLP
                                              209 Pollock Street
                                              New Bern, NC 28560
                                              Telephone/Facsimile 252-262-7055
                                              Email: jcb@dhwlegal.com